*277 OPINION OF THE COURT
Lawrence E. Kahn J.
In the above-captioned action, plaintiff seeks to recover for personal injuries alleged to have been sustained on February 9, 1982, when he was shot by defendant. The complaint pleads two causes of action, the first seeking recovery based upon a theory of intentional tort. The second cause of action asserts that the defendant had knowledge that he was suffering from a disorder known as posttraumatic stress disorder or Vietnam stress syndrome. Plaintiff asserts that defendant acted in a negligent manner by possessing and owning firearms with the knowledge that he suffered from the aforesaid psychological impairment.
Defendant has moved to dismiss the complaint upon the ground that the action is barred by the one-year Statute of Limitations applicable to causes of action sounding in intentional tort (CPLR 215).
Initially, the motion shall be granted with respect to the first cause of action. Plaintiff acknowledges that the pleading sounds in intentional tort. The action for intentional assault, not having been commenced within one year of the incident, may not be maintained.
Defendant seeks dismissal of the second cause of action upon the rationale that, in reality, the second cause of action also is grounded in intentional tort. In resolving this question, both parties agree that the court must not be persuaded by labels. Rather, the " 'essence of the action’ ” must be determined (Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 403).
The keystone of negligence is a concept of reasonable conduct and the foreseeable harm and duties which flow therefrom. In applying these established but often elusive principles to the case at bar, the essence of plaintiff’s second cause of action is indeed grounded in negligence. Under plaintiff’s theory, the negligent act is not the shooting of plaintiff by defendant. Rather, the negligence is alleged to have occurred at a time prior to the actual infliction of plaintiff’s injuries. The unreasonableness complained of by plaintiff is the defendant’s retention of firearms with the knowledge that access to such weapons created a foreseeable harm to others. Plaintiff alleges that defendant had a duty to take reasonable steps to prevent such access and that he failed to do so. Thus, the essence of the complaint is negligence, not intentional tort, *278 and as such, is governed by a three-year Statute of Limitations.
The motion for an order dismissing plaintiffs first cause of action shall be granted. The motion for an order dismissing plaintiffs second cause of action shall be denied.